UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 3, 2013

LETTER TO COUNSEL:

    RE:    *Telnur Smith v. Commissioner, Social Security Administration*;
              Civil No. SAG-10-2405

Dear Counsel:

      On August 31, 2010, the Plaintiff, Telnur Smith, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 21, 25). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      This case has an extensive procedural history. Ms. Smith filed her claim on December 6, 2002, alleging disability beginning on November 20, 2002. (Tr. 62-64). Her claim was denied initially on February 13, 2003, and on reconsideration on April 24, 2003. (Tr. 30-32, 34-36). Following an initial hearing on January 12, 2004, (Tr. 234-53), an Administrative Law Judge ("ALJ") denied benefits. (Tr. 14-23). After the administrative appeals process, the Commissioner consented to remand while an appeal was pending in this Court. (Tr. 324). A second hearing was held on November 3, 2006 (Tr. 275-321). Following that hearing, another ALJ again denied benefits on January 6, 2007. (Tr. 259-68). Later that year, the Commissioner again consented to remand of the case. (Tr. 403). An ALJ held a third hearing on June 3, 2008. (Tr. 453-85). Following that hearing, on September 26, 2008, the ALJ determined that Ms. Smith was not disabled during the relevant time frame. (Tr. 387-401). The Appeals Council denied Ms. Smith's request for review, (Tr. 370-73), so the third ALJ decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Smith suffered from the severe impairments of "[d]egenerative disc disease, status post lumbar fusion, anxiety, and depression." (Tr. 389). Despite these impairments, the ALJ determined that Ms. Smith retained the residual functional capacity ("RFC") to

*Telnur Smith v. Commissioner, Social Security Administration*
Civil No. SAG-10-2405
April 3, 2013
Page 2

> perform a range of light work which was simple and routine in nature, with low stress, low concentration, and low memory due to pain and depression, lifting ten pounds frequently and 20 pounds occasionally, sitting 30 minutes and standing 30 minutes continuously on an alternate basis, during an eight hour day, five days a week, no prolonged climbing, balancing, stooping, defined as no more than once or twice per hour, the avoidance of heights and hazardous machinery due to lightheadedness, temperature and humidity extremes, scaffolds, ropes, and stairs, no overhead reaching, and only occasional fine dexterity due to a recent diagnosis of bilateral carpal tunnel syndrome, and jobs which would allow the claimant to avoid a lot of interaction with the public, coworkers, and supervisors.

(Tr. 394). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Smith could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 399-401).

Ms. Smith raises two separate issues on appeal, each with several sub-arguments. First, she contends that the ALJ failed to properly consider her obesity. Second, she contends that the ALJ erroneously determined her RFC. Both arguments are unpersuasive.

First, Ms. Smith finds fault in the ALJ's handling of her obesity. She submits that the ALJ should have found her obesity to be a severe impairment at Step Two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). The evidence of record does not demonstrate that Ms. Smith's obesity significantly limited her ability to work. No specific functional limitations are attributed, by any medical source, to Ms. Smith's obesity. In the ALJ's step two analysis, he addresses Ms. Smith's weight and acknowledges the need to consider obesity at each step of the sequential evaluation. (Tr. 391). Moreover, even if I were to agree that the ALJ erred by failing to evaluate Ms. Smith's obesity at Step Two, such error would be harmless. Because Ms. Smith made the threshold showing that she had other severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Ms. Smith's ability to work. *See* 20 C.F.R. § 404.1523.

Ms. Smith further contends that the ALJ failed to consider her obesity at each step of the sequential evaluation. Once again, the lack of any evidence that obesity caused functional limitations undermines Ms. Smith's argument. In the absence of any functional limitations attributable to obesity, there is no reason to doubt the ALJ's express representation that he considered "any additional and cumulative effects of the claimant's obesity" at each step of the evaluation process. (Tr. 391).

Ms. Smith's second argument, regarding the adequacy of her RFC, contains six sub-arguments: (1) failure to provide a sufficient narrative explanation; (2) erroneous reliance on a letter from Dr. Greco; (3) inadequate assignment of weight to Dr. Hench; (4) failure to evaluate the opinion of treating physician Dr. Walsh; (5) failure to evaluate the opinion of her physical therapist; and (6) inadequate assignment of weight to consultative examiner Dr. Barrish. Each sub-argument will be addressed in turn.

Initially, Ms. Smith makes a boilerplate argument, with no specific reference to the ALJ's opinion in her case, suggesting that the ALJ failed to provide a fully detailed narrative discussion of his RFC. Pl. Mot. 11-13. I disagree. The ALJ provided a five page written narrative on the RFC alone, in which he summarized Ms. Smith's hearing testimony, provided a detailed credibility analysis with cites to the medical evidence of record, and analyzed the opinion evidence. (Tr. 394-99). In addition, the ALJ incorporated by reference the two prior ALJ decisions in Ms. Smith's case, which also provided detailed discussions of the evidence pertaining to Ms. Smith's claim. (Tr. 387, 14-23, 259-68). Ms. Smith's boilerplate language is therefore entirely inapplicable in this case.

Ms. Smith's remaining arguments pertain to the ALJ's treatment of the opinions of various medical sources. First, Ms. Smith asserts that the evaluation of Dr. Greco's opinions was wrong because (1) the ALJ cited to Exhibit 8F, which was a one-page note regarding jury service; (2) the ALJ confused "light duty" with "light work;" and (3) the ALJ failed to consider Dr. Greco's statement, on July 9, 2002, that Ms. Smith could not lift over 15 pounds or engage in bending or twisting. Pl. Mot. 13-14. Because the ALJ's evaluation of Dr. Greco's opinion, at Exhibit 5F, (Tr. 395), was sufficient, the typographical error citing to Exhibit 8F is immaterial. The ALJ did not rely exclusively on Dr. Greco's opinion in determining that Ms. Smith could do light work, so the argument that the ALJ confused "light duty" with "light work" lacks merit. Dr. Greco repeatedly stated that Ms. Smith was "a candidate for retraining for an appropriate light duty position." (Tr. 154). Moreover, many of Dr. Greco's notes provided support for the notion that Ms. Smith would be capable of duties associated with light work after her May, 2002 back surgery. *See, e.g.* (Tr. 156) ("She notes occasional achy pain with prolonged sitting but no significant radicular pain."); (Tr. 160) ("She's making excellent progress. She's really having no pain."). Finally, Dr. Greco's assessment regarding Ms. Smith's ability to lift, bend, and twist changed over time. On October 18, 2002, Dr. Greco simply recommended "avoidance of heavy lifting and repetitive lifting and twisting maneuvers." (Tr. 154) On June 10, 2003, Dr. Greco reported that the claimant's "radicular pain is improved," and she had a full range of motion of the lumbar spine. (Tr. 355). The ALJ accurately considered Dr. Greco's notes, as a whole, in determining Ms. Smith's RFC.

Ms. Smith suggests that the ALJ failed to adequately consider the opinion of Dr. Hench, who evaluated Ms. Smith for "workability" on September 26, 2002. Ms. Smith cites to a one-page workability form in which Dr. Hench recommended "modified duty," including no pending, pushing, pulling, or lifting greater than 10 pounds. (Tr. 115). However, Dr. Hench's more detailed report, dated just two days later on September 28, 2002, specified that Ms. Smith

*Telnur Smith v. Commissioner, Social Security Administration*
Civil No. SAG-10-2405
April 3, 2013
Page 4

had not yet reached maximum medical improvement from her surgery. (Tr. 124). As permanent restrictions, Dr. Hench simply recommended "avoiding repetitive lifting more than 15 pounds or excessive bending, twisting or pulling or contact with combative patients." (Tr. 124). Dr. Hench specified that Ms. Smith could perform "activities at the light exertional level." *Id.* Those recommendations are fully consistent with the ALJ's RFC.

Ms. Smith next complains about the ALJ's treatment of the opinion of her treating physician, Dr. Walsh. The ALJ found Dr. Walsh's opinion to be "inconsistent with the other substantial evidence of record." (Tr. 397). A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ specifically listed the other substantial evidence conflicting with Dr. Walsh's opinion, including evidence of "a stable lumbar fusion, no neurological abnormalities reported by the claimant's surgeon, no need for hospitalization or further surgeries, and Dr. Walsh's own detailed, contemporaneous treatment notes showing no significant clinical abnormalities." (Tr. 397). I am readily able to discern and evaluate, from the ALJ's analysis, the reasons he chose to afford "limited weight" to Dr. Walsh's opinion. I therefore find the ALJ's assignment of weight to be supported by substantial evidence.

Ms. Smith alleges that the ALJ failed to evaluate the opinion of her physical therapist. The record reflects that Ms. Smith visited a physical therapist twice in 2003, on March 1 and March 3, before opting not to return for treatment due to the cost. (Tr. 137-41). The physical therapist had recommended six weeks of treatment three times per week. (Tr. 141). Unsurprisingly, at only the second session, the physical therapist noted that the goals had not been met. (Tr. 137-139). The physical therapist did not render any "opinion" regarding Ms. Smith's potential for rehabilitation. (Tr. 137-41). Moreover, the ALJ summarized Ms. Smith's report to her physical therapist about her functional abilities at her time of therapy. (Tr. 390). As a result, there was no information in the physical therapist's notes that the ALJ failed to consider adequately.

Finally, Ms. Smith suggests that the ALJ assigned inadequate weight to the opinion of consultative examiner Dr. Barrish. The ALJ properly noted that Dr. Barrish had evaluated Ms. Smith on a single date, May 10, 2006. (Tr. 398). For that reason, the ALJ appropriately assigned more weight to the opinion of Dr. Greco, Ms. Smith's treating specialist. *Id.* A longitudinal perspective is properly assigned more weight. *See* 20 C.F.R. 404.1527(c) (2012). Moreover, the ALJ noted that Dr. Barrish's "findings conflict with the remaining medical evidence of record." (Tr. 398). Although the ALJ did not specify, in that paragraph, the conflicting evidence upon which he relied, the ALJ's opinion is replete with references to evidence that Ms. Smith's condition did not preclude employment. *See, e.g.,* (Tr. 398) (citing "the unremarkable clinical findings on physical examinations reported by Dr. Greco and Dr. Walsh as well as the claimant's conservative care, with no ongoing pain management and no surgeries"). In light of the extensive summary of the evidence supporting the ALJ's RFC and assignment of weight to Dr. Barrish and the other medical sources, remand is unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 21) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 25) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge